## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

SHAIDON BLAKE,

                    Plaintiff,

        v.                                   CASE NO. 21-3046-SAC

(FNU) WALLACE, et al.,

                    Defendants.

## MEMORANDUM AND ORDER
## TO SHOW CAUSE

Plaintiff Shaidon Blake, a state prisoner at the El Dorado Correctional Facility (EDCF) in El Dorado, Kansas, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *in forma pauperis*. For the reasons discussed below, Plaintiff is ordered to show cause why his Complaint should not be dismissed.

### I.  Nature of the Matter before the Court

Plaintiff's Complaint alleges that he was forced into a restraint chair and given injections of morphine and fentanyl when he refused to be transferred to a hospital after Nurse Christian determined that he may have been having a stroke. Plaintiff claims this violated his right to refuse medical treatment and was an excessive use of force.

Plaintiff names as defendants Sergeant Wallace, Sergeant Gorman, Sergeant Chastain, Nurse Christian, and Centurion Health Services. He seeks compensatory and punitive damages, as well as unspecified injunctive relief.

1

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of such entity to determine whether summary dismissal is appropriate.  28 U.S.C. § 1915A(a).  Additionally, with any litigant, such as Plaintiff, who is proceeding in forma pauperis, the Court has a duty to screen the complaint to determine its sufficiency.  *See* 28 U.S.C. § 1915(e)(2).  Upon completion of this screening, the Court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b), 1915(e)(2)(B).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).  A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In addition, the court accepts all well-pleaded allegations in the complaint as true.  *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).  On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The Complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

### III. Discussion

Plaintiff's Complaint is subject to dismissal for the following reasons.

### A. Statute of Limitations

Plaintiff's Complaint fails to include the date that the alleged constitutional violations occurred. This makes it impossible to determine whether the Complaint was filed within the two-year statute of limitations for a § 1983 action or whether it was filed out of time and must be barred on that basis alone.

### B. Defendants

Plaintiff fails to allege the personal participation of two of the named defendants. An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006); *Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997). Conclusory allegations of involvement are not sufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). As a result, a plaintiff is required to name each defendant not only in the caption of the complaint, but again in the body of the complaint and to include in the body a description of the acts taken by each defendant that violated plaintiff's federal constitutional rights.

In describing the incident, Plaintiff refers to Defendants Christian and Wallace. Otherwise, he mentions "corrections staff", "the defendants", and "officers." He does not refer to any actions or involvement of Defendants Gorman or Chastain. While he describes them as "unit supervisor[s]", an official's liability may not be predicated solely upon a theory of respondeat

superior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008); *Gagan v. Norton*, 35 F.3d 1473, 1476 n.4 (10th Cir. 1994), *cert. denied*, 513 U.S. 1183 (1995).  To be held liable under § 1983, a supervisor must have personally participated in the complained-of constitutional deprivation.  *Meade v. Grubbs*, 841 F.2d 1512, 1528 (10th Cir. 1988).  "[T]he defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008).

Plaintiff also names Centurion Health Services as a defendant.  Assuming without of deciding that Centurion is a state actor, a corporation acting under color of state law can be held liable under § 1983 only for unconstitutional policies and practices.  It cannot be held liable under the doctrine of respondeat superior for the individual actions of its employees.  *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973)(state prison medical department not a "person" under § 1983); *Green v. Rubenstein*, 644 F. Supp. 2d 723, 738 (S.D. W.Va. 2009); *Dudley v. Food Service-Just Care*, 519 F. Supp. 2d 602, 604 (D.S.C. 2007).  Plaintiff has made no allegation about any policy of Centurion.  He appears to have named Centurion solely because Defendant Christian is a Centurion employee.

For these reasons, Plaintiff fails to state a claim against Defendants Gorman, Chastain, or Centurion, and they are subject to dismissal from this action.

### C.  Failure to State a Claim

The Complaint also fails to state a claim for violation of Plaintiff's constitutional rights. Plaintiff claims he was sedated and forced to go to the hospital when Defendant Christian

suspected he was having a stroke.  He alleges violation of his Fourteenth and Eighth Amendment rights. [1]

### Fourteenth Amendment

Plaintiff states "the law protects me from being forced to receive any invasive medical procedure."  ECF No. 1, at 6.  Essentially, he claims Defendants violated his liberty interest in rejecting unwanted medical treatment.

"[T]he proper standard for determining the validity of a prison regulation claimed to infringe on an inmate's constitutional rights is to ask whether the regulation is reasonably related to legitimate penological interests." *Washington v. Harper,* 494 U.S. 210, 223 (1990). Thus, "prison officials may compel a prisoner to accept treatment when [they], in the exercise of professional judgment, deem it necessary to carry out valid medical or penological objectives." *Lowry v. Honeycutt,* 211 F. App'x 709, 712 (10th Cir. 2007) (unpublished opinion).  Here, the defendants appear to have had legitimate medical objectives for requiring Plaintiff to go to the hospital for evaluation.  Corrections officials are required to provide prisoners with adequate medical care.  As stated by Plaintiff, "corrections staff w/ Nurse Christian made the decision to force [Plaintiff] to go to the hospital off site . . . based on their observation, not by request from [Plaintiff].  They said I looked like I was experiencing a stroke." ECF No. 1, at 4.  Even though Plaintiff disagreed with that assessment, "the judgment of prison authorities will be presumed valid unless it is shown to be such a substantial departure from accepted professional judgment, practice or standards as to demonstrate that the person responsible actually did not base the decision on

---

[1] Plaintiff also alleges violation of his Fourth Amendment rights.  However, the Supreme Court has held that the Fourth Amendment governs "pretrial deprivations of liberty."  *Albright v. Oliver*, 510 U.S. 266, 274 (1994). Therefore, it is not applicable to Plaintiff's claims.

such judgment." *Lowry*, 211 F. App'x at 712.   The allegations contained in the Complaint do not overcome that presumption of validity.

### *Eighth Amendment*

Plaintiff alleges the violation of his Eighth Amendment rights.  He questions the medical judgment made by Defendant Christian, and he alleges corrections officers used excessive force in effectuating that judgment.

### *Medical Care*

The Eighth Amendment guarantees a prisoner the right to be free from cruel and unusual punishments.  The United States Supreme Court has held that an inmate advancing a claim of cruel and unusual punishment based on inadequate provision of medical care must establish "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Boyett v. County of Washington*, 282 F. App'x 667, 672 (10th Cir. 2008) (citing *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005)). The "deliberate indifference" standard has two components: "an objective component requiring that the pain or deprivation be sufficiently serious; and a subjective component requiring that [prison] officials act with a sufficiently culpable state of mind." *Miller v. Glanz*, 948 F.2d 1562, 1569 (10th Cir. 1991); *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005).

Plaintiff does not allege any improper motive for Nurse Christian's medical judgment or the actions of corrections staff in implementing Christian's decision to send Plaintiff to the hospital.  His allegations do not establish the deliberate indifference required for an Eighth Amendment claim.  Even if Plaintiff could establish that Nurse Christian's assessment of him was so flawed that it rose to the level of medical malpractice, a negligent diagnosis "fail[s] to establish the requisite culpable state of mind." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("[A] complaint

that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment."); *Wilson v. Seiter*, 501 U.S. 294, 297 (1991).  Likewise, a mere difference of opinion between the inmate and prison medical personnel regarding diagnosis or reasonable treatment does not constitute cruel and unusual punishment.  *See Estelle*, 429 U.S. at 106–07; *Handy v. Price*, 996 F.2d 1064, 1067 (10th Cir. 1993) (affirming that a quarrel between a prison inmate and the doctor as to the appropriate treatment for hepatitis did not successfully raise an Eighth Amendment claim); *Ledoux v. Davies*, 961 F.2d 1536 (10th Cir. 1992) (Plaintiff's contention that he was denied treatment by a specialist is insufficient to establish a constitutional violation.); *El'Amin v. Pearce*, 750 F.2d 829, 833 (10th Cir. 1984)(A mere difference of opinion over the adequacy of medical treatment received cannot provide the basis for an Eighth Amendment claim.).   As the United States Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind." Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medial mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.

*Estelle*, 429 U.S. at 105–106 (footnote omitted).  Here, Plaintiff disagrees with Defendant Christian's diagnosis that he may have suffered a stroke.  A difference of opinion between a medical provider and a patient does not give rise to a constitutional right or sustain a claim under § 1983.  *Coppinger v. Townsend*, 398 F.2d 392, 394 (10th Cir. 1968).

***Excessive Force***

As for Plaintiff's allegation of excessive force, a prison guard's use of force against an inmate is "cruel and unusual" only if it involves "the unnecessary and wanton infliction of pain."

*Gregg v. Georgia*, 428 U.S. 153, 173 (1976).  "[A]n excessive force claim involves two prongs: (1) an objective prong that asks if the alleged wrongdoing was objectively harmful enough to establish a constitutional violation, and (2) a subjective prong under which the plaintiff must show that the officials acted with a sufficiently culpable state of mind."  *Giron v. Corr. Corp. of America*, 191 F.3d 1281, 1289 (10th Cir. 1999).  "An official has a culpable state of mind if he uses force 'maliciously and sadistically for the very purpose of causing harm,' rather than 'in a good faith effort to maintain or restore discipline.'"  *Redmond v. Crowther*, 882 F.3d 927, 936–37 (10th Cir. 2018) (quoting *Whitley v. Albers*, 475 U.S. 312, 320–21 (1986)).

Setting aside the question of whether the use of force Plaintiff alleges was objectively harmful enough to rise to the level of a constitutional violation, Plaintiff clearly fails to establish the subjective prong of an excessive force claim.  The prison officials used force to carry out Defendant Christian's medical judgment that Plaintiff should go to the hospital to be evaluated for a stroke.  Plaintiff's allegations do not support a finding that force was used maliciously or sadistically or was intended to cause harm to Plaintiff.

## IV.  Response Required

For the reasons stated herein, Plaintiff's Complaint is subject to dismissal under 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) for failure to state a claim upon which relief may be granted. Plaintiff is therefore required to show good cause why his Complaint should not be dismissed. Plaintiff is warned that his failure to file a timely response may result in the Complaint being dismissed for the reasons stated herein without further notice.

**IT IS THEREFORE ORDERED** that Plaintiff is granted to and including **October 8, 2021**, in which to show good cause, in writing, why his Complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED.**

DATED:  This 9th day of September, 2021, at Topeka, Kansas.


**s/ Sam A. Crow**
**SAM A. CROW**
**U.S. Senior District Judge**