IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SHAIDON BLAKE,

                                  **Plaintiff,**

          v.                                        CASE NO. 21-3046-SAC

(FNU) WALLACE, et al.,

                                  **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff filed this *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff is a state prisoner confined at the El Dorado Correctional Facility ("EDCF"). The Court granted Plaintiff leave to proceed *in forma pauperis*.

Plaintiff's Complaint (Doc. 1) alleges his constitutional rights were violated when he was forcibly administered injections of morphine and fentanyl by EDCF medical and corrections staff.[1] The Court conducted an initial screening of the Complaint and entered an order requiring Plaintiff to show cause why his Complaint should not be dismissed. *See* Memorandum and Order to Show Cause, Doc. 4 ("MOSC"). Plaintiff filed a timely response to the show cause order. *See* Doc. 5.

In his response, Plaintiff clarifies the date of the incident (September 3, 2020), meaning the Complaint was filed within the two-year limitation period. Plaintiff further clarifies the involvement of Defendants Gorman and Chastain and that he is alleging an improper retaliatory motive on the part of the defendants. He argues that Defendants' use of force and the choice of medication administered cannot be justified under the circumstances.

---

[1] The Court notes that Plaintiff references other possible claims in his response to the MOSC, such as being put in an improperly disinfected quarantine cell upon his return from the hospital and alleged HIPAA violations. To the extent Plaintiff was attempting to add claims to his Complaint through his response to the MOSC, such attempt is rejected.

1

The Court has considered Plaintiff's response and finds that the proper processing of Plaintiff's claims cannot be achieved without additional information from appropriate officials of the EDCF.  *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991).  Accordingly, the Court orders the appropriate officials to prepare and file a *Martinez* Report.  Once the report has been received, the Court can properly screen Plaintiff's claims under 28 U.S.C. § 1915.

**IT IS THEREFORE ORDERED BY THE COURT** that**:**

(1) The Clerk of Court shall serve Defendants under the e-service pilot program in effect with the Kansas Department of Corrections ("KDOC").

(2) Upon the electronic filing of the Waiver of Service Executed pursuant to the e-service program, KDOC shall have **sixty (60) days** to prepare the *Martinez* Report.

(3) Officials responsible for the operation of the EDCF are directed to undertake a review of the subject matter of the Complaint:

    a. To ascertain the facts and circumstances;

    b. To consider whether any action can and should be taken by the institution to resolve the subject matter of the Complaint; and

    c. To determine whether other like complaints, whether pending in this Court or elsewhere, are related to this Complaint and should be considered together.

(4) Upon completion of the review, a written report shall be compiled which shall be filed with the Court and served on Plaintiff.  The KDOC must seek leave of the Court if it wishes to file certain exhibits or portions of the report under seal or without service on Plaintiff.  Statements of all witnesses shall be in affidavit form.  Copies of pertinent rules, regulations, official documents, and, wherever appropriate, the reports of

medical or psychiatric examinations shall be included in the written report.  Any recordings related to Plaintiff's claims shall also be included.

(5) Authorization is granted to the officials of EDCF to interview all witnesses having knowledge of the facts, including Plaintiff.

(6) No answer or motion addressed to the Complaint shall be filed until the *Martinez* Report required herein has been prepared.

(7) Discovery by Plaintiff shall not commence until Plaintiff has received and reviewed Defendant's answer or response to the Complaint and the report ordered herein. This action is exempted from the requirements imposed under Fed. R. Civ. P. 26(a) and 26(f).

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter KDOC as an interested party on the docket for the limited purpose of preparing the *Martinez* Report ordered herein.  Upon the filing of that report, KDOC may move for termination from this action.

Copies of this order shall be transmitted to Plaintiff, to Defendants, and to the Attorney General for the State of Kansas.

**IT IS SO ORDERED.**

DATED:  This 3rd day of February, 2022, at Topeka, Kansas.


                                          **s/ Sam A. Crow**
                                          **SAM A. CROW**
                                          **U.S. Senior District Judge**