IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **SHAIDON BLAKE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case. No. 21-cv-3046-SAC |
| | ) |
| **(FNU) WALLACE,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION
## TO COMPEL DISCOVERY

Defendants (fnu) Chastain, (fnu) Gorman, and (fnu) Wallace ("Defendants") submit this response, through Assistant Attorney General Matthew L. Shoger, in opposition to Plaintiff's motion titled "Request for Discovery/Request for Documents" (Doc. 36), docketed by the Court as a "Motion to Compel Discovery and Documents" (hereinafter "Motion to Compel"). Defendants respectfully request that this motion be denied and state the following in support.

**I.  Plaintiff's motion is improper because discovery by Plaintiff has been stayed by order of this Court.**

On February 3, 2022, the Court ordered, "Discovery by Plaintiff shall not commence until Plaintiff has received and reviewed Defendant's answer or response to the Complaint and the [*Martinez*] report ordered herein." (Ct.'s Mem. and Order, Doc. 7 at 3.) The *Martinez* Report has been filed (Doc. 28), but the Defendant's answer or response to the Complaint has not been filed. In fact, on March 9, 2022, the Court ordered, "No answer or motion addressed to the Complaint shall be filed until so ordered by the Court." (Ct.'s Order, Doc. 15 at 1.)

In summary, Mr. Blake cannot commence discovery until he receives and reviews Defendants' answer or response to the Complaint, and Defendants cannot file an answer or

response to the Complaint until so ordered by the Court. Meanwhile, the Court is completing initial screening of the action pursuant to the Prison Litigation Reform Act (PLRA). The *Martinez* Report serves as part of the screening process under the PLRA, not as a part of general discovery. (Doc 15 at 1 ("upon the filing of the *Martinez* Report, the Court will complete the screening of this action").) *See also Rachel v. Troutt*, 820 F.3d 390, 393 n.1 (10th Cir. 2016) (citing the Prison Litigation Reform Act, 28 U.S.C. §§ 1915(e)(2)(B), 1915A(a)-(b)) (saying that under federal law, district courts have to screen prisoner complaints for frivolousness, failure to state a valid claim, and immunity, and that they can order a *Martinez* report "[t]o facilitate this screening process"); Fed. R. Civ. P. 26(d)(1) (saying discovery cannot generally take place, even in non-inmate cases, before the initial Rule 26(f) conference). If any claims survive initial screening, the Court will require Defendants to file an answer or response to the Complaint, Defendants will do so, and only then will Mr. Blake be permitted to commence discovery. Until then, a motion to compel such as the present one is improper and should be dismissed.

## II. Plaintiff's motion is moot because he already has the ability to view the surveillance video without a court order.

Mr. Blake requests discovery of surveillance video footage filed under seal as Exhibit F to the *Martinez* Report. (Pl.'s Mot. to Compel Disc., 1; Conventionally Filed Ex. F, Doc. 34.) But he already has access to this video. As stated in the Kansas Department of Correction's (KDOC's) Motion to File Conventionally an Exhibit to Martinez Report, "For security reasons, plaintiff will not be allowed to possess the media disc but will be allowed to view the content upon reasonable notice at a reasonable time." (Doc. 31 at 1.) KDOC arranged for Mr. Blake to view the video on July 27, 2022, and this in fact occurred. This is verified by the attached affidavit (Exhibit 1) completed by the unit team supervisor who supervised the viewing. Mr. Blake will be able to view the video again upon written request. In the future, Mr. Blake should

simply file a written request with KDOC staff asking to view the video, as that is all that is needed, rather than filing an unnecessary motion with this Court.

Therefore, Mr. Blake's request is moot because he has viewed and has the ongoing ability to view the surveillance video without needing a court order.

### III.  The surveillance video should remain under seal to protect the safety and security of both inmates and prison staff.

Regarding the reason for the seal, the substantial interest that Defendants have in keeping the prison surveillance video under seal is not a need to shield the precise events depicted in the video footage from public view. Rather, the video should remain under seal to protect the safety and security of both inmates and prison staff. Specifically, if inmates or the public receive access to prison videos, inmates could learn the cameras' blind spots or the places in the prison where there is no camera coverage. Should they become familiar with the locations of these camera blind spots, they may then seek to commit prohibited acts – including acts of violence – in those locations.

Based on this, KDOC regularly seeks to file prison video footage under seal to mitigate such security risks. This comports with K.S.A. § 45-221(12), which provides an exception to Kansas' open records requirements where, as here, disclosure of "emergency or security information or procedures of a public agency … would jeopardize public safety" in "any building or facility that is used for purposes requiring security measures in or around the building or facility." However, this does not deny inmates access to evidence, since inmates asserting legal claims against prison officials still have the opportunity to view the content of the prison videos upon reasonable notice at a reasonable time. *See, e.g., Clay v. Esparza*, No. 20-3220-SAC (Doc. 14 at 1-2), Ct.'s Order (D. Kan. Sept. 15, 2020) (granting defendants' motion to file prison video footage under seal because the footage "would pose a security risk if viewed by inmates,"

but if plaintiff's Complaint survived screening, "the Plaintiff would be allowed to view the content of the security videos upon reasonable notice at a reasonable time"). KDOC's rationale has a reasonable basis that has been upheld by the Tenth Circuit. *Brown v. Flowers*, 974 F.3d 1178, 1187-88 (10th Cir. 2020) (allowing exhibits, including "jail surveillance footage," to be filed under seal "for the safety of the jail, as they show which areas of the jail are surveilled," finding this to be "a real and substantial interest").

Therefore, the surveillance video should remain under seal. As discussed above, Mr. Blake already has access to the video – just not possession of a copy of the video – so the seal does not preclude his access.

### IV.     Plaintiff's other arguments

Mr. Blake complains that he has not received his copy of Defendants' Response (Doc. 33) to his "Motion for Summary Judgment/Default" (Doc. 29). Mr. Blake's copy of Defendants' Response was placed in the mail on July 12, 2022, as specified in the certificate of service at the end of the Response. (Defs.' Resp. to Pl.'s Mot. for Summ. J., Doc. 33 at 3.) Therefore, the Response was likely still in the mail system when Mr. Blake filed his Motion to Compel, which has a filing date of July 15, 2022.

Mr. Blake complains that he was not interviewed by the Defendants, as he alleges the Court ordered. The Court ordered KDOC – not the Defendants – to complete a *Martinez* Report. (Ct.'s Mem. and Order, Doc. 7 at 2 ("KDOC shall . . . prepare the Martinez Report"); Ct.'s Order, Doc. 27 at 1 ("KDOC is not a defendant to this action but an interested party for the purposes of preparing the Martinez Report.").) What is more, the Court never ordered KDOC to interview Mr. Blake while producing the Martinez Report. The Court stated: "Authorization is granted to the officials of EDCF [El Dorado Correctional Facility] to interview all witnesses having knowledge of the facts, including Plaintiff." (*Id.* at 3.) "Authorization" simply means

permission to do so, not a requirement to do so. *See Authorization(1)*, Black's Law Dictionary (11th ed. 2019) ("Official permission to do something; sanction or warrant"). KDOC chose not to exercise this discretionary authority granted by the Court, which did not violate the Court's order.

Plaintiff's continued arguments regarding "Default Judgment" have already been thoroughly addressed by the Court in an Order (Ct.'s Order, Doc. 27) and by the Defendants in their Response to Plaintiff's "Motion for Summary Judgment/Default."

WHEREFORE, for the reasons set forth above, Defendants request that this Court enter an Order denying Plaintiff's Motion to Compel, and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

OFFICE OF ATTORNEY GENERAL
DEREK SCHMIDT

/s/ Matthew L. Shoger
Matthew L. Shoger, KS No. 28151
Assistant Attorney General
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas 66612-1597
matt.shoger@ag.ks.gov
(785) 296-2215
Fax: (785) 291-3767
*Attorney for Defendants*

## **CERTIFICATE OF SERVICE**

  I hereby certify that on this 29th day of July, 2022, the foregoing document was filed with the clerk of the court by using the CM/ECF system, which will send notice of electronic filing to the following:

John Russell Hicks
Norris Keplinger Hicks & Welder, LLC
11551 Ash Street, Suite 200
Leawood, KS 66211
jh@nkfirm.com
*Attorney for Centurion Health Services*

Samuel Patrick Bennett
Norris Keplinger Hicks & Welder, LLC
11551 Ash Street, Suite 200
Leawood, KS 66211
sbennett@nkfirm.com
*Attorney for Centurion Health Services*

Natasha Carter
Kansas Department of Corrections
714 SW Jackson, Suite 300
Topeka, KS 66603
natasha.carter@ks.gov
*Attorney for Kansas Department of Corrections, Interested Party*

Jocilyn Oyler
Kansas Department of Corrections
714 SW Jackson, Suite 300
Topeka, KS 66603
jocilyn.oyler1@ks.gov
*Attorney for Kansas Department of Corrections, Interested Party*

I also certify that a copy of the above was served via first-class mail, postage prepaid to:

Shaidon Blake #96323
El Dorado Correctional Facility-Central
P.O. Box 311
El Dorado, KS 67042
*Plaintiff, pro se*

            /s/ Matthew L. Shoger
            Matthew L. Shoger
            Assistant Attorney General