In The United States District for Kansas

Shaidon Blake
   Plaintiff

v.

Wallace, et. al.

Case No. D.C 5:21-CV-03046-SAC
10th Cir. No. 22-3163

Motion To Recall Mandate and to Reinstate Civil Claim

   Here comes Shaidon Blake pro se pursuant to F.R.A.P 41.2 (motion to Recall Mandate) and 42.2 (motion to Reinstate Civil proceeding), petitioning this Honorable Court to Recall the mandate in the above captioned civil proceeding and Reinstate the case for further proceedings. This request is based on the following;

   1. The case was improperly dismissed pursuant to 10th cir. Rules 3.3(B) and 42.1

   2. Addressing 3.3(B), plaintiff filed out a forma paup. and the court has been deducting money from plaintiff's inmate account. (See Ex# A-1)

   3. Exhibit B-1 is plaintiff's motion to reinstate civil complaint.

   4. Exhibit C-1 is plaintiff's response from the District Court reassigning this case to Judge John W. Lungstrum on 11-2-22.

   The court states failure to prosecute as the reason for the dismissal and because of 3.3(B), but plaintiff did comply with all requirements of the rule and payment was made in full to the court. (See ex# A-1)

Any and all other requirements made by this Honorable Court has been met by the plaintiff. For those reasons, the plaintiff request this Honorable court to recall the mandate and reinstate civil proceedings.

Pursuant to 28 U.S.C. § 1746, I Shardon Blake #96323, solemnly declare under the penalties of perjury (18 U.S.C. §1621) that the information in this motion/affidavit is true and correct.

Respectfully submitted,
Shardon Blake #96323
EDCF PO Box 311
El Dorado, KS. 67042

Additional Exhibits to be considered
Ex# D-1, 10th cir. mandate
Ex# D-2, Correspondence from 10th cir.
Ex# E-1, legal mail receipt. dated 6-29-23 (Date 10th cir. reissued mandate was recieved by plaintiff)
Ex# F-1 Affidavit by plaintiff.

I certify this was E filed to the U.S. District Court for kansas this ____ day of ____ 2023.

## Affidavit of Truth and Facts

Pursuant to 28 U.S.C. § 1746, I Shaidon Blake #96323, solemnly declare upon oath under the penalties of perjury that the following is true and correct.

1. On June 23, 2023 I called the clerk of court for the 10th Cir. Court of Appeals for a status report on case No. 22-3163, and was informed there was no case, it was dismissed on 10-12-22. The clerk stated she would mail the mandate to me which I recieved on June 29th, 2023.

2. I met all requirements of the court and presented exhibits to show the continual interference with legal mail by staff at EDCF.

3. I've filed a preliminary injunction and Temporary restraining order concerning the retaliation behind me exercising my civil rights in filing a civil complaint.

4. In connection with this case, a 1501 Habeas Corpus was filed in Butler County District Court because EDCF officials refused to respond to a grievance of the most serious nature, misconduct with evidence to prove facts.

5. In the reinstated case, plaintiff status, defendants did violate plaintiffs civil rights with a unneccessary excessive use of force and involuntary administration of the opiods, morphine and fantynol, both against plaintiffs will.

6. Attorneys for the state, Joselyn Carter and Natasha Carter both committed fraud on the court in pursuit of a dismissal in violation of Rule 60(b)(6), by purposely supplying false information to the court in response to the court ordered Martinez report. This report required these attorneys to inform the courts of the facts. Did the defendants perform a use of force without just cause? Was the plaintiff forced medicated with morphine and fentynal? They responded that the use of force was neccessary and I was not force medicated, both which was not true. This improper tactics of misleading the court, removed the courts ability to properly function, which led to the initial dismissal.

7. I refused medical treatment because I was not in distress or in medical need at all as I informed staff.

8. I was given morphine and 10 minutes later, fentynal for pain, even after my continual refusal of all medical treatment.

9. I never requested pain meds or said I was in pain at all.

10. I never recieved any disciplinary infractions for any violations of KDOC policy, which would be needed to justify any use of force as policy states.

11. I was forced into a restraint chair only because I refused medical treatment that turned out to be unneccessary by doctor at Wesley Hospital in Wichita.